J-S74019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW TIRADO | : | |
| | : | |
| Appellant | : | No. 1235 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007276-2009

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED MARCH 05, 2020**

Andrew Tirado (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In this appeal, Appellant's court-appointed counsel (PCRA Counsel) filed a petition to withdraw as counsel and a "***Turner/Finley/Anders*** brief."[1] Because we conclude that PCRA Counsel fulfilled the procedural requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

---

[*] Former Justice specially assigned to the Superior Court.

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and

this appeal is without merit, we grant PCRA Counsel's petition to withdraw and

affirm the PCRA court's order denying Appellant's PCRA petition.

The PCRA court explained:

On March 20, 2009, [Appellant] was arrested and charged with murder and related offenses. On June 23, 2010, [Appellant] was found guilty by a jury, presided over by the Honorable Rose Marie DeFino-Nastasi, of second-degree murder, robbery, criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possession of an instrument of crime ("PIC").[2]

[Appellant] was sentenced that same date to life imprisonment without the possibility of parole for second-degree murder, five to ten years imprisonment for robbery, five to ten years imprisonment for criminal conspiracy, three and one-half to seven years for [firearms not to be carried without a license], two and one-half to five years for PIC, and no further penalty for [carrying firearms on public streets or public property in Philadelphia]. All sentences to run concurrently.

On June 30, 2010, [Appellant] filed a Post-Sentence Motion, which was denied on October 28, 2010. On November 12, 2010, [Appellant] filed an appeal with the Superior Court. On July 12, 2013, the Superior Court vacated [Appellant's] robbery sentence and affirmed his judgment of sentence in all other respects.[FN] 5 On July 22, 2013, [Appellant] filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on December 18, 2013.

> [FN] 5 The Superior Court held that because the robbery was the underlying felony for the second-degree murder conviction, the convictions merged for sentencing purposes. *Commonwealth v. Tirado*, [ ] 3088 EDA 2010 [(Pa. Super. July 12, 2013) (unpublished memorandum)].

---

2 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 903 and 907.

PCRA Court Opinion, 5/14/19, at 1-2 (some footnotes omitted).

On July 29, 2014, Appellant filed a *pro se* PCRA petition, in which he alleged that trial counsel was ineffective. The PCRA court appointed Counsel, who filed an amended petition on May 3, 2018. The Commonwealth filed a motion to dismiss Appellant's PCRA petition as meritless on January 10, 2019. On February 14, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to the court's notice. On March 28, 2019, the PCRA court issued an order formally denying Appellant's petition and permitting Counsel to withdraw. This timely appeal followed.[3]

_____

[3] After the PCRA court permitted Counsel to withdraw, PCRA Counsel was appointed to represent Appellant on appeal. On April 11, 2019, Appellant filed a *pro se* notice of appeal at docket 1234 EDA 2019. On April 23, 2019, PCRA Counsel filed a notice of appeal at docket 1235 EDA 2019. We note that Appellant filed his *pro se* notice of appeal while still represented by Counsel. It is well-settled that an appellant does not have a right to proceed both *pro se* and with counsel. Such representation is considered "hybrid" representation and is prohibited within the Commonwealth. ***See Commonwealth v. Staton***, 184 A.3d 949, 958 (Pa. 2018) (no defendant has a constitutional right to self-representation together with counseled representation "either at trial or on appeal"); ***see also Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). Accordingly, this Court dismissed Appellant's *pro se* appeal as duplicative of the appeal filed by PCRA Counsel. ***See*** Order, 7/17/19. Appellant filed an application for reconsideration on August 6, 2019, upon which this Court *sua sponte* reinstated Appellant's appeal. ***See*** Order 8/14/19. PCRA Counsel entered his appearance in the *pro se* appeal and was ordered to show cause why the *pro se* appeal should not be dismissed as duplicative of the counselled appeal. ***Id.*** PCRA Counsel agreed that the *pro se* appeal should be dismissed as

On August 25, 2019, PCRA Counsel filed a petition to withdraw with this Court, attaching his no-merit letter, with notice to Appellant that Appellant had the right to proceed *pro se* or retain private counsel. In response, Appellant filed a *pro se* "Petitioner's Objection to Counsel's Motion to Withdraw and Combined Motion for Appointment of New Counsel." **See** Answer to Withdraw As Counsel, 8/25/19. In a *per curiam* order, this Court denied Appellant's request for new counsel and permitted Appellant to file a second *pro se* response to PCRA Counsel's petition to withdraw. Order, 9/30/19. On October 25, 2019, Appellant filed a response to PCRA Counsel's petition to withdraw no-merit letter indicating that he wished to continue with his appeal *pro se*; Appellant's response did not raise any additional issues for our review.

On appeal, Appellant presents two issues, which we have reordered for ease of discussion:

I.  Whether trial counsel was ineffective for failing to meet, prepare and advise the Appellant adequately as to his options of pleading guilty or going to trial?

II. Whether the Court coerced and pressured the Appellant to the extent that he could not calmly, rationally, knowingly, intelligently and voluntarily make the decision whether he should plead guilty or go to trial?

***Turner/Finley/Anders*** Brief at 6.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its

___

duplicative, and on September 4, 2019, this Court dismissed Appellant's *pro se* appeal. **See** Order, 9/4/19.

conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

As noted above, PCRA Counsel filed in this Court a petition for leave to withdraw as counsel and no-merit letter. Before we may review the merits of Appellant's claim, we must determine if PCRA Counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that independent review requires proof of:

> 1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;
>
> 4. The PC[R]A court conducting its own independent review of the record; and
>
> 5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id.** (citation and brackets omitted).

Additionally:

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Upon review of PCRA Counsel's petition to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that PCRA Counsel has substantially complied with the procedural requirements of *Turner* and *Finley*, as restated in *Pitts*. PCRA Counsel identified the claims asserted by Appellant, reviewed the merits of those claims and explained why the claims lack merit. Finally, PCRA Counsel also represented to this Court that he has provided Appellant with notice of his intention to seek permission to withdraw from representation, a copy of the appellate brief, and advised Appellant he may proceed with privately retained counsel or *pro se*. *See* Application to Withdraw as Counsel, 8/25/19. Thus, PCRA Counsel has complied with the requirements necessary to withdraw as counsel. We now turn to our

independent review of Appellant's PCRA petition to ascertain whether he is entitled to relief.

Appellant challenges trial counsel's effectiveness in relation to Appellant's decision to reject a plea offer and proceed to a jury trial. With respect to ineffective assistance of counsel claims, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. **Commonwealth v. Cooper**, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." **Id.** A PCRA petitioner must address each of these prongs on appeal. **See Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the **Pierce** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. **Cooper**, 941 A.2d at 664.

**Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

In his first issue, Appellant argues that trial counsel was ineffective for failing to properly prepare and advise Appellant on his case. Notably, Appellant faults trial counsel for failing to meet with him in prison to discuss the plea offered by the Commonwealth and to provide Appellant with a

- 7 -

personal copy of his discovery package.[4] ***Turner/Finley/Anders*** Brief at 20-21. Appellant asserts that "if he had a sufficient amount of time to confer with his attorney at the prison and understood . . . the plea negotiations[,] he could have been saved from a life sentence without parole . . . ." ***Id.*** at 20.

The PCRA court rejected Appellant's assertion, noting that during the guilty plea colloquy, the court questioned Appellant's trial counsel regarding his level of communication with Appellant. PCRA Court Opinion, 5/14/19, at 9. Specifically, the court and trial counsel engaged in the following exchange:

THE COURT: Have you been to CFCF to see him?

[Appellant's trial counsel]: Your Honor, I have not been to CFCF. I have met with him on multiple occasions, I met with him in this building. We had an extended conversation with him before the preliminary hearing and we had a preliminary hearing during which [the eyewitness'] statement -- this is a statement case. There were two statements that [the eyewitness] gave and he and I reviewed those statements. We have had telephone contact in a year-and-a-half since the preliminary hearing; I also represent him on another matter. He and I have had conversations over the telephone and we had that extended meeting prior to the preliminary hearing going over what this case was about. He also has gone over with me in the intervening year and change the issue of this statements, the two statements. We had an extensive colloquy this morning.

Again, I thought we were ready to go through with a plea. He was brought into the building at approximately 11:30 . . . We spent an hour and a quarter going over various issues about how to dispose of this case including his concerns about knowing the details of his case. And since he has now accused me of

---

[4] On June 18, 2010, Appellant attended a guilty plea colloquy hearing, during which Appellant began to enter an open guilty plea to third-degree murder. ***See generally***, N.T., 6/18/10. During the colloquy, however, Appellant chose to proceed to trial, rather than enter a guilty plea. ***Id.*** at 6.

ineffectiveness, without saying everything we discussed, I will say I am confident that he is comfortable with the details of the alleged statement. He may deny that statement should we go to the [suppression] motion and at trial, I'm not saying anything about that, but as far as knowing what the claim is about [the eyewitness] giving two statements, about [the eyewitness'] testimony – [the eyewitness] testified at the preliminary hearing . . . . And it's true, as [Appellant] has observed, [the eyewitness] has his own problems as a witness. But as far as familiarity with the case and familiarity of the risk with a statement that says if it is true and believed that [Appellant] had a gun in his hand in the back seat as Mr. Torres and he were there with the other people, [Appellant], I believe, understands the risk of that statement. And he understands, and has for over a year, the nature of what's in that statement and the danger that statement poses.

THE COURT: There's an eyewitness in the case . . . ?

[Appellant's trial counsel]: Yes, [the eyewitness] does give a conflicting statement where he says [Appellant] was not in the car. So it's true if we go to trial [the eyewitness] has his own problems.

THE COURT: But you reviewed all this with [Appellant]?

[Appellant's trial counsel]: Yes, both over a year ago and [Appellant] sat through the preliminary hearing where [the eyewitness] appeared live and testified and was thoroughly cross-examined by me and there's a transcript on that about his lies.

THE COURT: And you went over the discovery with [Appellant]?

[Appellant]: No.

[Appellant's trial counsel]: Not in great detail.

THE COURT: What's in discovery? It's [the eyewitness'] statement and [Appellant's] statement.

[Appellant's trial counsel]: Yes.

THE COURT: Anything else?
[Appellant's trial counsel]: Nothing of substance.

[The Commonwealth]: There's a great deal of additional documentation, but I would agree with counsel that the essence of the evidence is [the eyewitness'] statements and [Appellant's] statement. There's obviously a tremendous bit more discovery involving the investigation, 75-48s, ballistics, crime scene, the usual things that come along.

THE COURT: I mean, there was ballistics of the crime scene. The complainant was shot, where, in the car?

[Appellant's trial counsel]: Yes.

[The Commonwealth]: The victim is driving the car, the eyewitness is in the passenger's seat of the car. The victim is shot by Mr. Torres, a Co-Defendant, who was only apprehended two days ago who shot from the rear passenger's side of the car. [Appellant] is alleged to be in the rear driver's side of the car.

THE COURT: Okay. So there's no allegations anyways that [Appellant] is the shooter in this case.

[The Commonwealth]: Correct. This is the clearest second degree murder case that I've ever seen.

N.T., 6/18/10, at 6-11.

In rejecting Appellant's claim, the PCRA court found that Appellant was properly advised by trial counsel. Moreover, the PCRA court noted that Appellant could not prove the prejudice prong of his ineffectiveness claim because Appellant "was advised of the plea offer, rejected the plea offer in 2010, and has never asserted that he would have accepted the offer, but for some specific deficiency by counsel. Instead, [Appellant] merely makes a bald assertion that counsel did not fully advise him of his options, which is belied by the record." PCRA Court Opinion, 5/14/19, at 10.

There is record support for the PCRA court's credibility determinations regarding Appellant's claim that trial counsel failed to fully advise him about the plea offered by the Commonwealth. Where there is such support, "we, as a reviewing court, are bound by those determinations." ***Commonwealth v. Abu–Jamal***, 720 A.2d 70, (Pa. Super. 1998) (citation omitted); ***see also Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999). Likewise, we agree with the PCRA court that Appellant would not be able to prove prejudice. Because Appellant does not claim that he would have pled guilty but for counsel's failure to properly advise him, he cannot prove prejudice. Accordingly, his first issue lacks merit. ***See Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) ("A petitioner establishes prejudice when he demonstrates 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'").

In his second claim, Appellant contends that the trial court erred where it coerced and pressured Appellant to decline the plea offer and opt to go to trial. Appellant asserts that "he was young, immature, emotionally damaged and intellectually challenged," and the trial court "took advantage of his vulnerability and more or less made him go to trial." ***Turner/Finley/Anders*** Brief at 16.

At the outset, we recognize that there is a discrete class of claims that are properly cognizable under the PCRA, which is statutorily limited to: (1) a

recognized violation of either the U.S. Constitution or the Pennsylvania Constitution that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"; (2) ineffective assistance of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"; (3) an unlawfully-induced guilty plea; (4) improper government obstruction of a petitioner's appellate rights; (5) the unavailability of exculpatory evidence at the time of trial that has subsequently become available and which "would have changed the outcome of the trial if it had been introduced"; (6) the imposition of a sentence greater than the lawful maximum; and (7) improper jurisdiction. *See* 42 Pa.C.S.A. § 9543(a)(2). Furthermore, allegations of error advanced under the PCRA must not have been either previously litigated or otherwise waived by the petitioner. *See* 42 Pa.C.S.A. §§ 9543(3), 9544(a)(2), (b).

Here, a review of the record demonstrates that Appellant could have raised this allegation of trial court error before trial, at trial, or during direct appeal, but failed to do so. Consequently, Appellant has waived this issue. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also* 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Even if Appellant preserved this issue for review, we would likewise conclude that the claim is meritless. The trial court and Appellant engaged in the following exchange:

THE COURT: What is it you want?

[Appellant]: I want new counsel.

THE COURT: For what reason?

[Appellant]: For him not letting me know everything I need to know about my life. I don't think he's representing me right, you know what I'm saying. My life is on the line for something where he is not cooperating with me to have me satisfied with what's going on.

THE COURT: Well, he has me satisfied and that's what counts, that he knows what he's doing and knows what's going on. He was entering into a plea for third degree murder. Second degree murder is life if you're found guilty. He was entering into a plea on your behalf to third degree murder, which isn't life. Even if it's an open guilty plea then I make the determination as to the sentence. Now, if you don't plead guilty, and you have a right to do whatever you want, you go to trial. Is [he] charged with second or first?

[The Commonwealth]: He's charged generally.

THE COURT: So that means first and second, but on the Commonwealth's theory of the case the jury is never going to hear first. They are going to be charged with second degree murder, which is a murder committed in the course of a felony. So if the Commonwealth proves that you and your co-conspirator [were] robbing the decedent and then somebody shot him, meaning the co-conspirator, Torres, is that his name?

[Appellant's trial counsel]: Yes, Your Honor.

THE COURT: That's second degree murder, that's life. These are your choices and I'm sure your attorney explained that to you. You can plead to third degree murder, I decide the sentence. I could not tell you what it would be, I don't know anything about

- 13 -

you or about the case other than what we are talking about now. Or you can go forward to trial, your attorney filed a motion to suppress your statement or statements.

[The Commonwealth]: There's two.

THE COURT: You're filing a motion to suppress both.

[Appellant's trial counsel]: Yes, Your Honor.

THE COURT: And then we would do that today and pick a jury on Monday and go to trial. Those are your choices, I'm not removing your attorney.

What is your decision?

[Appellant]: Trial.

N.T., 6/18/10, at 11-13.

Consistent with the foregoing, the trial court did not "coerce" or "pressure" Appellant into declining the plea offer and going to trial. Rather, the trial court explained Appellant's options – plead guilty to third-degree murder or go to trial. Appellant chose to proceed to trial. Accordingly, Appellant's second issue lacks merit.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/20